UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CHARLES GORDON,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | CASE NO. 7:16-CV-8122-SLB |
| vs.  ) | CRIM. CASE NO. 7:03-CR-0214-SLB-JEO |
| ) | |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.  ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner Christopher Charles Gordon's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255(f)(3) [hereinafter Motion to Vacate]. (Doc. 1; crim. doc. 53.)[1] Citing Johnson v. United States, 135 S. Ct. 2551 (2015), Gordon contends that he was improperly sentenced under 18 U.S.C. § 924(c). Because binding Eleventh Circuit precedent bars Gordon's claim on the merits, the court assumes that his Motion to Vacate based on Johnson is timely filed and is not procedurally barred. For the reasons set forth below, the court finds that Gordon's Motion

---

[1] Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 7:03-CR-0214-SLB-JEO, appear as "(Crim. Doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

to Vacate is due to be denied and his petition dismissed without notice to the Government. See 28 U.S.C. 2255(b).[2]

On May 1, 2003, an Indictment was filed against Gordon and his co-defendant, James Clifton Cole. (Crim. doc. 1.) The Indictment charged Gordon with: Count One – conspiracy "to take a motor vehicle . . . by force, violence and intimidation, with the intent to cause death and serious bodily harm to [the victim] in violation of 28 U.S.C. § 371; Count Two – carjacking in violation of 18 U.S.C. § 2119; and Count Three – discharging a firearm during a crime a violence (carjacking charged in Count Two) in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Id.) These charges arose from a violent carjacking on or about January 30, 2000, during which Gordon's co-defendant, James Clifton Cole, shot the victim in the neck. (See crim. doc. 16 at 2-3; crim. doc. 37 at 4-5; crim. doc. 50 at 4.) During the carjacking, Cole had a gun and forced the victim into the backseat of his vehicle, while Gordon drove the vehicle. (Crim. doc. 50 at 6-7.) Gordon told Cole, "Shoot him if he moves." (Id.) The victim tried to jump out of the vehicle and Cole shot him. (Id. at 8.)

Pursuant to a Plea Agreement with the Government, Gordon pled guilty to Counts Two and Three and the court dismissed Count One. (Crim. doc. 16; crim. doc. 39.) The Government recommended a custodial sentence at the low end of the Sentencing Guideline range for Count Two, which was 108 to 135 months. (Crim. doc. 16 at 1; see crim. doc. 37

---

[2]"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

at 14.) The court departed upward and sentenced Gordon to 180 months on Count Two[3] and

---

[3]Because the victim of the carjacking was shot in the neck and suffered serious bodily injury, § 2119(2) provided for a custodial sentence of not more than 25 years. 18 U.S.C. §2119(2). During the carjacking, the victim was shot in the neck by Gordon's co-defendant; the victim is permanently paralyzed. He also suffered psychologically. At sentencing, the court explained its reason for upwardly departing, stating:

> THE COURT: . . . I am going to give you some credit for downward departure, but then I am going to upwardly depart to a twenty-five year sentence.
>
> This is the most horrific – one of the most horrific, if not the most horrific crime that I've had since I've been on the bench. I've had one death penalty case, but other than that, this is the crime with the most horrible injuries to a victim.
>
> I don't accept your version that you didn't know a carjacking was going on. You may not have intended for anyone to get hurt, but you put yourself in a situation where the consequences destroyed a life.
>
> . . .
>
> I am going to read two Guideline sections that I am relying upon or parts of them for the upward departure. Guideline 5K2.3 provides for an upward departure for extreme psychological injury.
>
> . . . "Psychological injury would be sufficient to warrant application of this adjustment when there is substantial impairment of the intellectual, psychological, emotional or behavioral functioning of a victim, when the impairment is likely to of an extended or continuous duration and when the impairment manifests itself by physical [or] psychological symptoms or by changes in behavior patterns."
>
> It's my understanding . . . that medical records are not required for application of this Guideline provision, but I am going to state for the record a few facts that I know about the victim.
>
> He has undergone counseling . . . . He underwent counseling while at UAB hospital. He also sees a Dr. Jensen who makes home visits with him

periodically to talk with him about his condition.

He takes antidepressants and obviously numerous medications because of the tightening of his muscles and problems relating to his quadriplegia. Again, he is so traumatized about this event that he can barely discuss it. It took quite a while for him to be able to discuss it with the probation officer.

I also believe that an upward departure is due based on Section 5K2.2, which provides, "If significant physical injury resulted, the Court may increase the sentence above the authorized Guideline range. The extent of increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent and the extent to which the injury was intended or knowingly risked, when the victim suffers a major permanent disability. And when such injury was intentionally inflicted, a substantial departure may be appropriate."

Again, the victim in this case is a quadriplegic. The injury, whether it was intended or not, was a risk, a knowing risk, in view of the fact that a weapon was involved this crime. Death was a risk of the crime that these defendants engaged in.

So I base my upward departure on Guideline Sections 5K2.2, 5K2.3 and also to an extent on Section 5K2.8, which is extreme conduct, "If the defendant's conduct was unusually heinous, cruel or degrading to the victim," and I think this conduct was unusually brutal and cruel. But, primarily, it's based on Section 5K2.2.

The Court finds that a sentence at the high end of the Guideline range, plus the ten year mandatory minimum sentence, does not provide adequate punishment for this offense. The defendant and his co-defendant robbed and shot the victim in this case and left him to die.

The injuries sustained by the victim were major, life threatening, permanent disabilities, which were intentionally inflicted by the defendant and his co-defendant. The victim has suffered tremendously, both physically and psychologically, as a result of this offense.

The present Guideline range does not appropriately take into account the intentional nature of the injuries nor the defendant's indifference and

4

a consecutive sentence of 120 months on Count Three.  (Crim. Doc. 67 at 2.)  The Eleventh Circuit affirmed the court's Judgment.   (Crim. doc. 52.)

On June 29, 2016, Gordon, who is proceeding pro se, filed the instant Motion to Vacate.  (Crim. doc. 53; doc. 1.)  In his Motion to Vacate, Gordon challenges his conviction under § 924(c) based on Johnson v. United States, 135 S. Ct. 2551 (2015); he states, "Carjacking as charged in Count Two of Movant's Indictment cannot qualify as a 'crime of violence' under § 924(c)'s residual clause nor under the remaining clause, the force clause.  Therefore, the 'crime of violence' element of §924(c) cannot be constitutionally sustained under the statute."  (Doc. 1 at 7.)  He also contends that his "enhanced [criminal history] points under §§ 4A1.1(C) [sic], 4A1.2(C) [sic] [of the Sentencing Guidelines][4] and [the]

---

> brutality in inflicting them.  The psychological and physical harm inflicted on the victim has permanently changed his life in a way that he may never experience any future sense of normalcy.
>
> Thus, the Court specifically finds that the Guideline Level should be a Level 33 which, when combined with a Criminal History Category III, creates a Guideline range of 168 to 210 months for Count Two, plus a mandatory and consecutive sentence of 10 years Count Three, . . .

(Crim. doc. 50 at 21-25.)

[4]The only Chapter 4 Guidelines used to calculate Gordon's criminal history category were U.S.S.G. §§ 4A1.1(a) and (d) and 4A1.2(k).  Citations to U.S.S.G. §§ 4A1.1(c) and 4A1.2(c) is apparently an error.  Section 4A1.1(c) states, "(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection."  No additional points for uncounted criminal convictions were added to Gordon's criminal history score.  Section 4A1.2(c), "Sentences for all felony offenses are counted.  Sentences for misdemeanor and petty offenses are counted, except as [listed therein]."  Gordon did not have any misdemeanor or petty offenses included in his criminal history calculation.

application of [the Sentencing Guidelines is] analogous to Johnson's constitutional invalidation of 924(e)'s residual clause. (Id.) Therefore, he argues the Sentencing Guidelines are unconstitutionally vague.

In *Johnson*, the Supreme Court held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act ["ACCA"], 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. *Johnson*, 135 S. Ct. at 2563. The Court also held that its "decision [did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id*. The decision did not address the definition of a crime of violence found in § 924(c)(3) or the Sentencing Guidelines.

Gordon was convicted of discharging a firearm during a crime of violence in violation of 28 U.S.C. 924(c)(1)(A)(iii), which states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . .(including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –
>
> . . .
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(iii). "[N]o term of imprisonment imposed on a person under [§924(c)] shall run concurrently with any other term of imprisonment imposed on the person,

6

including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed." Id. (c)(1)(D)(ii). The Act defines "crime of violence" as –

> . . . an offense that is a felony and –
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is referred to as the force clause and subsection (B) is referred to as the residual clause.

In a case binding on this court, the Eleventh Circuit held that, "[e]ven assuming that Johnson invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based . . . [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense." In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016). Indeed, the Eleventh Circuit specifically held that carjacking, 18 U.S.C. § 2119, is a crime of violence under the force clause, 18 U.S.C. § 924(c)(3)(A). Smith, 829 F.3d at 1280-81 ("In short, our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause, and that ends the discussion.")(footnotes omitted).

Therefore, clearly Gordon is not entitled to any relief from his § 924(c) sentence pursuant to Johnson.

Gordon also argues, under the rationale in Johnson, that his carjacking sentence was improperly enhanced based on his criminal history category under the Sentencing Guidelines. (Doc. 1 at 7, 9.) The Eleventh Circuit has held that the vagueness doctrine, the basis for the decision in Johnson, does not apply to the Sentencing Guidelines. United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015); see In re Hunt, 835 F.3d 1277, 1278 (11th Cir. 2016)("Matchett precludes the application of Johnson to an advisory Guidelines sentence like Hunt's. Matchett determined that the void-for-vagueness doctrine does not apply to advisory Guidelines and therefore Johnson cannot invalidate a . . . Guidelines sentence." (citing Matchett, 802 F.3d at 1193-96))(internal citations and footnote omitted). Moreover, even if such a vagueness claim were available, it would not provide any relief to Gordon.

At sentencing, the court calculated Gordon's criminal history points as 5. This included 3 points for a prior felony conviction for burglary of an auto, for which he was sentenced to 5 years, with 4 years suspended; his probation was subsequently revoked and he was sentenced to 4 years in custody. (Crim. doc. 37 at 9 [citing U.S.S.G. §§ 4A1(a), 4A1.2(k)].) He was given 2 more criminal history points because he had committed the instant offense when he was on probation for the burglary charge. (Id. [citing U.S.S.G. §4A1(d)].)

Section 4A1.1(a) states that a defendant is given "3 points for each prior sentence of imprisonment exceeding one year and one month." Section 4A1.2(k)(1) states, "In the case

8

of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a) . . . ." For purposes of § 4A1.1(a), defendant was sentenced to 5 years on the burglary charge – which is a sentence of imprisonment that exceeded one year and one month. Rather, unlike other provisions of the Sentencing Guidelines, the assignment of criminal history points under § 4A1.1(a) and § 4A2.(k) does not require the exercise of discretion in its application – the defendant either was or was not sentenced to more than 13 months, including any probation revocation, on the prior conviction. Gordon clearly had notice that he was subject to 3 criminal history points based on his prior felony burglary conviction and sentence of imprisonment for 5 years.

Similarly, § 4A1.1(d) is not unconstitutionally vague and was properly applied to Gordon. Subsection (d) "add[s] 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation." The facts are undisputed that Gordon was on probation at the time of the carjacking. Therefore, the addition of these two additional criminal history points was not a matter of discretion and Gordon had notice that he was subject to an additional two criminal history points by virtue of the fact that he was on probation from the burglary conviction on the day of the carjacking.

Gordon's claims that the Sentencing Guidelines are unconstitutionally vague based on the decision in Johnson are foreclosed by binding Eleventh Circuit precedent. Moreover, his claims are without any arguable merit.

The court finds Gordon's Johnson claim is indistinguishable from the claim in Smith; Eleventh Circuit precedent bars his claim that § 4A1.1 and § 4A1.2 are unconstitutionally vague; and his claims that § 4A1.1 and § 4A1.2 are unconstitutionally vague are without any arguable merit. Therefore, the court finds that Gordon is not entitled to relief. In light of his plea of guilty to carjacking and to discharging a firearm during a carjacking, as well as binding Eleventh Circuit caselaw, Gordon cannot show that his sentence violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2255(a). His Motion to Vacate based on Johnson is due to be denied.

Moreover, the court finds the Motion to Vacate and the files and records of his case conclusively show that Gordon is not entitled to relief; therefore, his habeas petition will be dismissed without notice to the United States. See 28 U.S.C. § 2255(b).

## CONCLUSION

Based on the foregoing, the Motion to Vacate, filed by petitioner Christopher Charles Gordon, (doc. 1; crim. doc. 53), is due to be denied. An Order denying the Motion to Vacate and dismissing Gordon's habeas petition will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Gordon's habeas petition is barred by binding Eleventh Circuit precedent; reasonable jurists could not disagree. He has not demonstrated that the issues he raises reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 8th day of February, 2017.

_/s/ Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE